**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ELIA DATA OF TEXAS, LLC,**  Plaintiff,  v.  **MICROSOFT CORP.,**  Defendant. | **CIVIL ACTION NO. 2:12-CV-**  **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.     This is an action for patent infringement in which Elia Data of Texas, LLC ("Elia" or "Plaintiff"), makes the following allegations against Microsoft Corp. ("Microsoft" or "Defendant").

## PARTIES

2.     Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 200, Allen, Texas 75013. Elia's president is Daniel F. Perez.

3.     On information and belief, Microsoft is a Washington corporation with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft's registered agent in Texas appears to be Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701SASSAS.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Microsoft is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,113,996

7. Plaintiff is the owner by assignment of United States Patent No. 7,113,996 ("the '996 Patent") entitled "Method and system for secured transport and storage of data on a network" – including all rights to recover for past and future acts of infringement. The '996 Patent issued on September 26, 2006. A true and correct copy of the '996 Patent is attached as Exhibit A.

8. Upon information and belief, Microsoft has been and now is directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (the "infringing products/systems") that infringed or, when used, infringed one or more claims of theinfringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '996 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell the infringing products/systems. The infringing products/systems provide secure transport of secure packets between a first and second node. The infringing products/systems comprise a first node that creates secure packets related to a given transmission. Each such secure packet contains identical retrieval information. The infringing products/systems provide secure relays that receive secure packets, and non-secure packets, from nodes or other secure relays. The secure relay of the infringing products/systems identifies retrieval information in each secure packet, forwards secure packets to another secure relay, and forwards non-secure packets to a destination relay. When a retrieval condition has been

indicated, the secure relay of the infringing products/systems forwards the related secure packets to the second node.  When a retrieval condition has not been indicated, the secure relay of the infringing products/systems forwards secure packets to another secure relay.  The infringing products/systems comprise a second node that creates the retrieval condition, which is related to the retrieval information in the transmitted secure packets, and receives the secure packets.  In the infringing products/systems, the first or second nodes are separate from the secure relays.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, Microsoft's Skype products/systems ("Skype platform") infringe(s) one or more claims of theinfringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '996 Patent.  Microsoft induces, and has induced, contributes, and/or has contributed to the infringement of one or more of the claims of the '996 Patent by its customers' use of the Skype platform.  Alternatively, Microsoft indirectly infringes, has infringed, induces, has induced, contributes and/or has contributed to the infringement of one or more of the claims of the '996 Patent by marketing, distributing, using, selling, and offering to sell the Skype platform.  Microsoft, by operation of the Skype platform, directs and controls the activities of other infringing entities.  Additionally or alternatively, Microsoft's Exchange Server products/systems ("Exchange platform") infringes one or more claims of theinfringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '996 Patent.  Microsoft induces, and has induced, contributes, and/or has contributed to the infringement of one or more of the claims of the '996 Patent by its customers' use of the Exchange platform.  Defendant Microsoft is thus liable for infringement of the '996 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '996 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '996 Patent;

      3.      A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '996 Patent as provided under 35 U.S.C. § 284;

      4.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made as of the date of correspondence with Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

      5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

      6.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

April 5, 2012

Respectfully Submitted,

**ELIA DATA OF TEXAS**

By: /s/ Ronald W. Burns
Ronald W. Burns
Texas State Bar No. 24031903
Ronald W. Burns, Esq.
15139 Woodbluff Drive
Frisco, Texas  75035
Phone:  972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
ELIA DATA OF TEXAS**