IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ELIA DATA OF TEXAS, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>MICROSOFT CORP.,<br><br>              Defendant. | Case No.: 2:12-CV-185-MHS |

**DEFENDANT MICROSOFT CORPORATION'S MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................3

III. ARGUMENT ..........................................................................................................................3

    A. Elia Data's Conclusory Allegations of Direct Infringement are Insufficient to State a Plausible Claim for Relief ......................................................................6

    B. Elia Data's Conclusory Allegations of Indirect Infringement are Insufficient to State a Plausible Claim for Relief ..................................................................7

        1. The Complaint Fails to Plead Induced Infringement ...............................8

        2. The Complaint Fails to Plead Contributory Infringement .......................9

    C. Elia Data's Conclusory Allegations of Willful Infringement are Insufficient to State a Plausible Claim for Relief ....................................................................11

    D. The Appropriate Remedy is Dismissal .............................................................12

IV. CONCLUSION .....................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advanced Data Access LLC v. Nanya Tech. Corp.*,
    No. 11-cv-00473-LED-JDL (E.D. Tex. April 24, 2012), ....................................................... 11

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................. *passim*

*Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*,
    2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010) ............................................................. 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... *passim*

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723, 741 (1975) ..................................................................................................... 12

*California Inst. Of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.*,
    No. 10-cv-02042, 2010 WL 3063132 (N.D. Cal. Aug. 3, 2010) ......................................... 7, 8

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*,
    No. 6:09-cv-481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) .......................................... 5

*Eolas Techs.., Inc. v. Adobe Sys., Inc.*,
    No. 6:09-cv-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) ........................................ 5, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) ...................................................................................................... 9, 10

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ............................................................................................ 11

*Joao Bock Transaction Sys. of Texas LLC v. AT&T, Inc.*,
    No. 6:09-cv-208, 2010 WL 5343173 (E.D. Tex. Mar. 29, 2010) .......................................... 5

*Joao Control & Monitoring Sys. of Texas, LLC v. Playboy Enterprises Inc. et al.*,
    No. 6:09-cv-499 (E.D. Tex. Mar. 29, 2010) .......................................................................... 5

*Landmark Technology LLC v. Aeropostale*,
    No. 6:09-cv-262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) ....................................... 4, 6

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ..................................................................................... 8, 9, 10

*Macrosolve, Inc. v. Continental Airlines, Inc.*,
    No. 11-cv-687-LED-JDL (E.D. Tex. July 30, 2012) ........................................................... 5, 8

*McZeal v. Sprint Nextel Corp.*,
    501 F. 3d 1354 (Fed. Cir. 2007) ................................................................................................3

*PA Advisors, LLC v. Google, Inc.*,
    No. 2:07-CV-480-DF, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) ......................................10

*Realtime Data, LLC v. Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) ...........................................................................4, 5, 7, 8

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ...............................................................................................10

**STATUTES**

35 U.S.C. § 271(c) ...........................................................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 3, 12

Fed. R. Civ. P. .............................................................................................................................2, 3

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Microsoft Corporation moves to dismiss Plaintiff Elia Data of Texas, LLC's First Amended Complaint, filed April 25, 2012.

## I. INTRODUCTION

Elia Data alleges no facts in support of its claims that Microsoft has infringed the patent-in-suit, either directly, or indirectly by inducing another's infringement or by contributing to infringement by another party. Instead, Elia Data simply makes the following boilerplate allegations regarding direct infringement:

> Upon information and belief, Microsoft has been and now is directly or through intermediaries, making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products and/or systems (the "infringing products/systems") that infringe or, when used, infringe(d) one or more claims of the '996 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.

Dkt. No. 6, ¶ 8 (mislabeled in the Complaint as ¶ 1).

Elia Data then paraphrases a number of claim limitations from the asserted patent and goes on to say that "Microsoft's Skype products/systems ('Skype platform') infringe(s) one or more claims of the '996 Patent" and that "Microsoft's Exchange Server products/systems ('Exchange platform') infringes one or more claims of the '996 Patent." *Id*.

These allegations are so broad as to be effectively meaningless. Microsoft acquired Skype in October 2011, such that the identification of "Microsoft's Skype products/systems" is effectively an identification of one company's entire line of products.[1]  This is equivalent to an allegation that "Microsoft infringes the '996 patent" or, in other words, that "Microsoft harmed Elia Data."  Further, the identification of "Microsoft's Exchange Server products/systems"

---

[1] *See* http://www.microsoft.com/en-us/news/press/2011/oct11/10-13skypepr.aspx.

suffers from the same deficiency. This category of products and services is immense, with hundreds, if not thousands, of features.

Regarding indirect infringement, Elia Data pleads that:

> Microsoft induces, and has induced, contributes, and/or has contributed to the infringement of one or more of the claims of the '996 Patent by its customers' use of the [infringing products/systems.] Alternatively, Microsoft indirectly infringes, has infringed, induces, has induced, contributes and/or has contributed to the infringement of one or more of the claims of the '996 Patent by marketing, distributing, using, selling, and offering to sell the [infringing products/systems.] Microsoft, by operation of the [infringing products/systems], directs and controls the activities of other infringing entities.

Elia Data's threadbare allegations fail to provide Microsoft with the fair notice that Federal Rule of Civil Procedure 8(a)(2) and Supreme Court precedent require. Specifically, with respect to its direct infringement claim, Elia Data fails to identify with particularity the products or services offered by Microsoft that are alleged to infringe or how those products or services allegedly infringe the patent-in-suit. Further, with respect to its indirect infringement claim, Elia Data fails to allege: (i) that Microsoft knowingly induced any third parties to act; (ii) that Microsoft had a specific intent to encourage infringement; (iii) how Microsoft purportedly contributed to any other person or entity's infringement; (iv) the purported infringing combination of which Microsoft's products were allegedly a component; or (v) Microsoft's knowledge that the purportedly infringing combination was patented and infringing.

In addition, Elia Data's Complaint is devoid of any factual allegations to support its claim of willful infringement. Elia Data has not pled that Microsoft ever had any knowledge of the patent, nor has it provided any allegations of any pre-filing conduct by Microsoft that might rise to the level of recklessness, as required to prove a claim for willful infringement.

The total absence of supporting facts renders Elia Data's Complaint wholly deficient and, as such, requires that it be dismissed.

## II. STATEMENT OF FACTS

Elia Data filed its First Amended Complaint against Microsoft on April 25, 2012, alleging infringement of United States Patent No. 7,113,996 ("the '996 patent"). Elia Data claims to be the owner of the '996 patent with "all rights to recover for past and future acts of infringement." Dkt. No. 6, ¶ 7. Elia Data alleges that Microsoft's methods and/or systems directly infringe the '996 patent. *Id*., ¶ 8 (mistakenly labeled as ¶ 1). Elia Data further claims that Microsoft is liable for indirect infringement. *Id*. Elia Data also requests "enhanced damages resulting from the knowing, deliberate and willful nature of Defendant's prohibited conduct with notice being made as of the date of correspondence with Defendant, or at least as early as the date of the filing of this Complaint." *Id*., Prayer for Relief, ¶ 4.

## III. ARGUMENT

Elia Data's scant direct, indirect, and willful infringement allegations cannot survive the pleading standard articulated by the Supreme Court.

Motions to dismiss under Rule 12(b)(6) are governed by the law of the regional circuit. *McZeal v. Sprint Nextel Corp*., 501 F. 3d 1354, 1356 (Fed. Cir. 2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).

Although detailed factual allegations are not required, the pleading standard in Rule 8 demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). In particular, the Supreme Court has emphasized that a complaint must contain "either direct or inferential allegations respecting all

the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citations omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  "[A] complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotation omitted).

The Supreme Court has adopted a two-step approach to determine whether a complaint complies with Rule 8. *See id*. at 1950. First, the court identifies mere legal conclusions within the complaint and disregards them because they are not to be taken as true in the context of a motion to dismiss. *See id*. at 1949-50. Second, the court takes the remaining well-plead and non-conclusory factual allegations (the "nub" of the complaint) and determines whether those allegations, standing alone, suffice to state a plausible claim for relief. *See id*.

Under this standard, courts in the Eastern District of Texas have repeatedly and consistently dismissed direct and indirect infringement allegations that fail to allege material elements. For example, with respect to direct infringement allegations, this Court has repeatedly dismissed complaints that only generically identify an accused product or service. *E.g.*, *Landmark Technology LLC v. Aeropostale*, No. 6:09-cv-262, 2010 WL 5174954, at *3 (E.D. Tex. Mar. 29, 2010) (Davis, J.) ("Landmark's allegations of direct infringement do not adhere to Form 18 in that they do not identify any accused products, services, or methods or other infringing acts for the patents-in-suit. . . While Landmark accuses Defendants' 'electronic commerce systems,' this is an extremely vague identification. Without further context, it is unclear as to what 'electronic commerce systems' refers"); *Bedrock Computer Technologies, LLC v. Softlayer Technologies*, Inc., No. 6:09-cv-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010) ("Bedrock's allegation of direct infringement does not adhere to Form 18 in that it does not identify any accused products, services, or methods or other infringing acts for the

patent-in-suit"); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) ("Realtime's vague reference to 'data compression products and/or services,' when asserting four patents with a multitude of claims, does not state a claim for relief that is plausible on its face").

Similarly, with respect to indirect infringement allegations, this Court has consistently dismissed complaints that fail to allege the necessary legal elements, including which claims are allegedly indirectly infringed and which methods or systems indirectly infringe. *Realtime Data*, 721 F. Supp. 2d at 538, 539-40 (holding that claims for indirect infringement must "identify a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit"); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (Davis, J.); *Joao Bock Transaction Sys. of Texas LLC v. AT&T, Inc.*, No. 6:09-cv-208, 2010 WL 5343173, at *3 (E.D. Tex. Mar. 29, 2010) ("Joao's complaint taken as a whole, which fails to identify any asserted claims or any accused products or services and fails to identify a direct infringer in reference to Joao's indirect infringement claims, does not state a claim for relief that is plausible on its face"); *Eolas Techs.., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (Davis, J.) ("Although Rule 8 does not require detailed factual support for each element of indirect infringement, Eolas has not alleged a direct infringer in relation to its indirect infringement claims. . . . Accordingly, Eolas's indirect infringement claim does not state a claim for indirect infringement that is plausible on its face").

Additionally, this Court has dismissed complaints that fail to plead the necessary elements of inducement. *See Macrosolve, Inc. v. Continental Airlines, Inc.*, No. 11-cv-687-LED-JDL (E.D. Tex. July 30, 2012), Dkt. No. 42 at 6 (Love, Mag. J.) (recommending dismissal of inducement claim because the "complaint fails to allege that Defendants had knowledge of the [asserted patent] or the intent to infringe."); *Joao Control & Monitoring Sys. of Texas, LLC v.*

*Playboy Enterprises Inc. et al.*, No. 6:09-cv-499 (E.D. Tex. Mar. 29, 2010), Dkt No. 56 at 6 ("Taken as a whole, Joao's complaint does not state a claim of indirect infringement that is plausible on its face. . . . Joao does not allege and plead any facts relating to any elements of the indirect infringement claims").

        **A.**        **Elia Data's Conclusory Allegations of Direct Infringement are Insufficient to State a Plausible Claim for Relief**

As stated above, Elia Data's allegations regarding direct infringement are so broad as to be effectively meaningless. Elia Data has accused "Microsoft's Skype products/systems" of infringement, which is effectively an identification of one companies' entire line of products. This is equivalent to an allegation that "Microsoft infringes the '996 patent" or, in other words, that "Microsoft harmed Elia Data," which is nothing more than an "unadorned, the defendant-unlawfully-harmed-me accusation" of direct infringement. *Iqbal*, 129 S. Ct. at 1949. Further, the identification of "Microsoft's Exchange Server products/systems" suffers from the same deficiency.  This category of products is immense, consisting of thousands of features.

When properly viewed in this context, it is readily apparent that Elia Data's allegations provide no meaningful notice of its claims. The omission of any *specific* products or services is particularly glaring when one considers that a number of Skype's various features are prominently displayed on the top of the homepage of its website, www.skype.com, under the "Features" menu. There, one can readily see that Skype's offerings include calling features such as "Skype-to-Skype," "Phones and mobiles," "Online Number," "Conference calls," and "Skype To Go number"; video features such as "Video calling," "Group video calling," and "Screen sharing"; messaging features such as "Instant messaging," "Send files," "Text messaging," and "Facebook"; and managing features such as "Skype Manager" and "Skype Connect."

Nonetheless, Elia Data makes no attempt to distinguish which of Skype's numerous features is allegedly infringing the patent-in-suit. By failing to identify any specific products or services, Elia Data's claims cannot survive a motion to dismiss. *E.g.*, *Landmark Technology*, No. 6:09-cv-262, 2010 WL 5174954, at *3 (Davis, J.) ("Landmark's allegations of direct infringement do not adhere to Form 18 in that they do not identify any accused products, services, or methods or other infringing acts for the patents-in-suit. . . While Landmark accuses Defendants' 'electronic commerce systems,' this is an extremely vague identification. Without further context, it is unclear as to what 'electronic commerce systems' refers"); *Realtime Data*, 721 F. Supp. 2d at 543 ("Realtime's vague reference to 'data compression products and/or services,' when asserting four patents with a multitude of claims, does not state a claim for relief that is plausible on its face").

In addition to specifying the products or services that allegedly infringe, Elia Data must also identify how those products or services meet the claim limitations of the patent-in-suit. *See, e.g., California Inst. Of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.*, No. 10-cv-02042, 2010 WL 3063132, at *2 (N.D. Cal. Aug. 3, 2010) (dismissing complaint where the plaintiff "fail[ed] to allege with any specificity . . . how [the allegedly infringing product] infringes upon any of its four patents"). Elia Data paraphrases the claim language from the '996 patent in its complaint (*see* Dkt. No. 6, ¶ 8), but completely fails to explain or allege how any of Microsoft's products or services allegedly read on those claims. Accordingly, Elia Data's direct infringement claims must be dismissed.

  **B.**   **Elia Data's Conclusory Allegations of Indirect Infringement are Insufficient to State a Plausible Claim for Relief**

Elia Data's conclusory allegations of indirect infringement should also be dismissed because they fail to state a plausible claim for relief as required by *Iqbal* and *Twombly*. Elia Data

alleges that "Microsoft induces, and has induced, contributes, and/or has contributed to the infringement of one or more of the claims of the '996 Patent by its customers' use of the [infringing products/systems]" and that "Microsoft indirectly infringes, has infringed, induces, has induced, contributes and/or has contributed to the infringement of one or more of the claims of the '996 Patent by marketing, distributing, using, selling, and offering to sell the [infringing products/systems]." Dkt. No. 6, ¶ 8. Elia Data also alleges that "Microsoft, by operation of the [infringing products/systems], directs and controls the activities of other infringing entities." *Id*. Stripping away the legal conclusions from Elia Data's allegations, this is nothing more than an "unadorned, the defendant-unlawfully-harmed-me accusation" of indirect infringement. *Iqbal*, 129 S. Ct. at 1949. Following the pleading standards clarified in *Iqbal* and *Twombly*, such allegations without any factual support cannot survive a motion to dismiss.

1. **The Complaint Fails to Plead Induced Infringement**

Elia Data's claims for induced infringement should be dismissed because Elia Data fails to allege essential claim elements, and fails to support its allegations with any facts. To properly allege a claim for inducing infringement, a plaintiff must plead facts to show that (i) the defendant's actions induced infringing acts; (ii) the defendant knew or should have known its actions would induce actual infringement; (iii) the defendant possessed specific intent to encourage another's direct infringement; and (iv) the direct infringement encouraged by the defendant actually occurred. *See Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1321-22 (Fed. Cir. 2009). In addition, recent decisions have required that a claim for indirect infringement "identify a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit." *Realtime Data*, 721 F. Supp. 2d at 538, 539-40 (internal quotations omitted).

Elia Data's allegation of induced infringement fails to plead these legal elements, much less any facts to support them. Notably absent from Elia Data's allegations are facts to show: (i)

any actions by Microsoft to induce the alleged infringement, (ii) that Microsoft knowingly induced infringement, and (iii) Microsoft's specific intent to encourage another's infringement. *See, e.g.*, *Macrosolve, Inc. v. Continental Airlines, Inc.*, No. 11-cv-687-LED-JDL (E.D. Tex. July 30, 2012), Dkt. No. 42 at 6 (Love, Mag. J.) (recommending dismissal of inducement claim because the "complaint fails to allege that Defendants had knowledge of the [asserted patent] or the intent to infringe."). Indeed, Elia Data has not alleged that Microsoft even had knowledge of the '996 patent. A claim for inducement must allege knowledge of the asserted patent or "willful blindness" to its existence. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011).

Instead, Elia Data's boilerplate indirect infringement allegation amounts to nothing more than a legal conclusion disguised as a factual allegation, and is thus entitled to no weight. *See Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Moreover, the Complaint never identifies the customers that Microsoft allegedly induces to infringe, or any methods or systems that these customers use to allegedly infringe the '996 patent. Under the standard articulated in *Lucent Techs.*, Elia Data's Complaint fails to state a claim for induced infringement.

### 2. The Complaint Fails to Plead Contributory Infringement

Elia Data's claim of contributory infringement must also be dismissed because, as in its claim for induced infringement, Elia Data fails to allege the essential claim elements and fails to provide any factual support for its allegations. In the case of contributory infringement, a party is liable only if it "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention," while knowing the component is "especially made or especially adapted for use in an

infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Thus, to succeed on a claim of contributory infringement, a plaintiff must plead and prove not only an act of direct infringement by another, but also "that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs.*, 580 F.3d 1301, 1320 (internal quotations omitted).

In this case, the Complaint fails to allege any of the elements required to support a claim for contributory infringement, namely: (i) any purported combination of which Microsoft's accused products were made to be a component; (ii) that Microsoft's accused products have no substantial non-infringing use; and (iii) Microsoft's knowledge that some combination for which their products were especially made was both patented and infringing. Because Elia Data has not pled the essential elements of a contributory infringement claim, nor any facts in support of these elements, the Court should dismiss this claim. *See Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (Davis, J.) (dismissing claims of contributory and induced infringement upon finding that the "indirect infringement claim does not state a claim for indirect infringement that is plausible on its face"); *see also PA Advisors, LLC v. Google, Inc.*, No. 2:07-CV-480-DF, 2008 WL 4136426, at *7 (E.D. Tex. Aug. 8, 2008) (finding allegations of contributory infringement that failed to refer to the direct infringement of others to be insufficient).

Further, as discussed, Elia Data has not alleged that Microsoft even had knowledge of the '996 patent. This also renders Elia Data's contributory infringement claim legally deficient. *See Global-Tech Appliances*, 131 S. Ct. at 2067-68.

### C. Elia Data's Conclusory Allegations of Willful Infringement are Insufficient to State a Plausible Claim for Relief

"To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis omitted). In addition, "a willfulness claim asserted in the original complaint must necessarily be grounded *exclusively* in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (emphasis added). Moreover, "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *Id*. at 1371.

Elia Data makes no allegation whatsoever that Microsoft ever had any knowledge of the patent-in-suit, much less any pre-filing knowledge. Indeed, Elia Data's single allegation that "enhanced damages resulting from the knowing, deliberate and willful nature of Defendant's prohibited conduct with notice being made as of the date of correspondence with Defendant, or at least as early as the date of the filing of this Complaint," Dkt. No. 6, Prayer for Relief, ¶ 4, is simply a legal conclusion with no factual basis whatsoever. It identifies no alleged pre-filing acts at all, let alone acts that would support a claim that Microsoft acted in reckless disregard of the asserted patent. Therefore, because no other allegations of willfulness or knowledge of the patent are set forth in the Complaint, Elia Data's claim for enhanced damages based on willfulness should be dismissed. *See Iqbal*, 129 S. Ct. at 1949-50; *Advanced Data Access LLC v. Nanya Tech. Corp.*, No. 11-cv-00473-LED-JDL (E.D. Tex. April 24, 2012), Dkt. No. 111 at 6 (Love, Mag. J.) (recommending dismissal of plaintiff's willfulness claim because "Advanced Data does not indicate any pre-filing conduct to justify willfulness allegations against Micron, much less any facts alleging Micron had pre-suit knowledge of the [asserted patent.]").

### D. The Appropriate Remedy is Dismissal

The Supreme Court has explained that the practical significance of requiring more than threadbare allegations in a complaint is to provide judicial protection from the needless infliction of the massive costs of discovery on defendants. *Twombly*, 550 U.S. at 557-58. A complaint must therefore allege something more than a "mere possibility" of harm, thereby preventing a plaintiff with a "largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id*. (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)).  Courts enforcing Rule 12(b)(6) curtail this risk by dismissing complaints that fail to give rise to a plausible inference of harm to the plaintiff. That remedy is appropriate here.

## IV. CONCLUSION

For at least the foregoing reasons, Microsoft respectfully requests that the Court grant its Motion to Dismiss.

Dated:  August 16, 2012                     Respectfully submitted,


                                           By */s/ Melissa R. Smith*
                                              Melissa Smith (Texas Bar No. 24001351)
                                              GILLAM & SMITH, L.L.P.
                                              303 S. Washington Ave.
                                              Marshall, Texas 75670
                                              Tel:  (903) 934-8450
                                              melissa@gillamsmithlaw.com

                                              *Attorneys for Microsoft Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2012, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and therefore will be served electronically on counsel of record who have registered on CM/ECF and are deemed to have consented to service via CM/ECF under Local Rule CV-5(a).

                                                      */s/ Melissa R. Smith*